1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Brian A. Howie (026021)
brian.howie@quarles.com
**QUARLES & BRADY LLP**
Firm State Bar No. 00443100
One Renaissance Square
Two N. Central Ave.
Phoenix, AZ  85004-2391
Telephone:  (602) 229-5200

Alex M. Weingarten* (CA 204410)
amweingarten@venable.com
Celeste M. Brecht* (CA 238604)
cmbrecht@venable.com
Jeffrey K. Logan* (CA 136962)
jklogan@venable.com
Steven E. Swaney* (CA 221437)
seswaney@venable.com
**VENABLE LLP**
2049 Century Park East, Suite 2300
Los Angeles, CA  90067
Telephone:  (310) 229-9900

*Attorneys for Plaintiffs*
Xponential Fitness, LLC, AKT Fitness, LLC,
Club Pilates Franchise, LLC,
CycleBar Franchising, LLC, PB Franchising,
LLC, Row House Franchise, LLC,
Stretch Lab Franchise, LLC and Yoga Six
Franchise, LLC

*Pro Hac Vice Forthcoming*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Xponential Fitness, a Delaware limited liability company; AKT Franchise, LLC, a Delaware limited liability company; Club Pilates Franchise, LLC, a Delaware limited liability company; CycleBar Franchising, LLC, an Ohio limited liability company; PB Franchising, LLC, a Delaware limited liability company; Row House Franchise, LLC, a Delaware limited liability company; Stretch Lab Franchise, LLC, a Delaware limited liability | Case No.: <br><br>**COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF AND DAMAGES;**<br><br>**DEMAND FOR JURY TRIAL** |

QB\63776628.1

1   company; Yoga Six Franchise, LLC, a
    Delaware limited liability company,

2
                        Plaintiffs,
3           vs.

4
    The State of Arizona and Douglas A. Ducey,
5   Governor of the State of Arizona, in his official
    capacity,
6
                        Defendants.
7

8           Plaintiffs Xponential Fitness, LLC, AKT Franchise, LLC, Club Pilates Franchise,

9   LLC, CycleBar Franchising, LLC, PB Franchising, LLC, Row House Franchise, LLC,

10  Stretch Lab Franchise, LLC and Yoga Six Franchise, LLC (collectively, "Plaintiffs"),

11  through their undersigned attorneys, bring this Complaint for declaratory, injunctive relief

12  and damages and in support allege as follows.

13                          **INTRODUCTION**

14          1.      This action recognizes that bold and aggressive action must be taken by the

15  Government to contain COVID-19 outbreaks and protect the public but questions the

16  particular action taken by Governor Douglas A. Ducey's Executive Order 2020-43 (E.O.

17  2020-43), dated June 29, 2020, as an arbitrary and ineffective approach.  Pursuant to this

18  Order, Arizona closed all indoor gymnasiums and fitness studios without considering the

19  voluminous safety precautions that Plaintiffs have adopted and implemented to reopen

20  safely, while at the same time randomly allowing other businesses, such as casinos, tattoo

21  parlors, golf courses and liquor stores, to continue operating virtually unchecked.

22  Plaintiffs are committed to public health, including physical exercise and the benefits it

23  provides.  Arizona must adopt a responsible approach, not one that fails to protect the

24  health of its citizens and penalizes responsible business in the process.

25          2.      Unlike the first go around, Governor Ducey and his administration now

26  have at their disposal sufficient medical and scientific knowhow and experience to

                                    -2-

understand what measures or protocols are effective short of a complete shutdown of business activity to combat the recent spike of COVID-19.  Governor Ducey has, in fact, prescribed the use of these protocols as recommended or mandated by the Center for Disease Control and Prevention (the "CDC"), the Department of Labor, Occupational Safety and Health Administration ("OSHA") and the Arizona Department of Health Services ("ADHS") as a condition for allowing businesses to reopen or operate in Arizona following the shutdown due to COVID-19.  As with other businesses, Plaintiffs have successfully developed, established and implemented policies adopting these protocols in accordance with the State's mandate, and there is not a single report of any employee or customer of Plaintiffs' franchises contracting COVID-19 as a result of their working or exercising at any of their fitness studios that are mandated to close under E.O. 2020-43.

3.      Although Governor Ducey has broad authority to exercise the "police powers" of the State, it is not without constitutional limitation.  Because of the devastating impact on Plaintiffs of a blanket shutdown of their businesses and the effectiveness of alternative policies that Governor Ducey has already put in place for businesses to follow to mitigate COVID-19, the re-closing of Plaintiffs' businesses as required under E.O. 2020-43 is not reasonable or necessary for the accomplishment of its purpose.  As such, E.O. 2020-43 violates Plaintiffs' rights under the Due Process Clause, the Equal Protection Clause of the United States and Arizona Constitutions, as well as the Takings Clause and Contracts Clause of the United States Constitution.  In addition to monetary damages, Plaintiffs therefore seek an order declaring E.O. 2020-43 unconstitutional and enjoining the enforcement of the Order as to Plaintiffs and their businesses in Arizona.

**THE PARTIES**

4.      Plaintiff Xponential Fitness LLC is a limited liability company organized under the laws of the State of Delaware and has its principal place of business located in the State of California.

-3-

QB\63776628.1

5.      Plaintiff AKT Franchise, LLC is a limited liability company organized under the laws of the State of Delaware and has its principal place of business located in the State of California.

6.      Plaintiff Club Pilates Franchise, LLC is a limited liability company organized under the laws of the State of Delaware and has its principal place of business located in the State of California.

7.      Plaintiff CycleBar Franchising, LLC is a limited liability company organized under the laws of the State of Ohio and has its principal place of business located in the State of California.

8.      Plaintiff PB Franchising, LLC is a limited liability company organized under the laws of the State of Ohio and has its principal place of business located in the State of California.

9.      Plaintiff Row House Franchise, LLC is a limited liability company organized under the laws of the State of Delaware and has its principal place of business located in the State of California.

10.      Plaintiff Stretch Lab Franchise, LLC is a limited liability company organized under the laws of the State of Delaware and has its principal place of business located in the State of California.

11.      Plaintiff Yoga Six Franchise, LLC is a limited liability company organized under the laws of the State of Delaware and has its principal place of business located in the State of California.

12.      Defendant the State of Arizona is a state of the United States that entered the Union as the 48th State in 1912.

13.      Defendant Douglas A. Ducey is sued in his official capacity as Governor of the State of Arizona.

QB\63776628.1

**JURISDICTION AND VENUE**

14.     This Court has subject matter jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §§ 1331 and 2201(a). There is federal question jurisdiction under 28 U.S.C. § 1331 because Plaintiffs allege violations of the federal Constitution. Plaintiffs seek a declaration of their rights pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, over which there is an actual controversy after Governor Ducey's issuance of E.O. 2020-43.  This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a) because they are part of the same case and controversy as Plaintiffs' federal law claims.

15.     This Court has personal jurisdiction over Defendants because (a) they are located in the District in which this action was filed; and (b) many of the actions giving rise to these claims occurred in and/or were directed from this District.

16.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c).

**FACTUAL ALLEGATIONS**

**Plaintiffs' Fitness Brands and Franchises in Arizona**

17.     Plaintiff Xponential Fitness LLC is the curator of the best brands across every vertical in the boutique fitness industry, including Pilates, cycle, dance, rowing, stretch and yoga.  Through their franchises, these brands are available in 50 studios located in Arizona that collectively have more than 750 employees, provide fitness services to more than 20,000 customers and generated more than $14 million in revenue in 2019.  To be clear, these franchises are not "big box" gyms; they are boutique, curated exercise studios that are already limited in size and designed to accommodate only smaller groups of people at a given time.

18.     Plaintiff AKT Franchise, LLC manages the licensing, systems and processes employed in operating the franchise system for the fitness brand AKT, a dance-based cardio concept offering a unique combination of four modalities—toning, interval, circuit

and dance.  The Company has one franchise located in Arizona and has adopted and implemented certain written policies and procedures in compliance with the measures recommended or issued by the CDC, OSHA and ADHS as applicable to the AKT franchise in Arizona.

19.     Plaintiff Club Pilates Franchise, LLC manages the licensing, systems and processes employed in operating the franchise system for the fitness brand Club Pilates, the largest network of reformer-based group Pilates studios in the world.  A consistent Pilates practice will improve posture, strengthen the core and correct muscle imbalances, creating a strong foundation for movement.  The Company has twenty three franchises located in Arizona and has adopted and implemented certain written policies and procedures in compliance with the measures recommended or issued by the CDC, OSHA and ADHS as applicable to the Club Pilates franchises in Arizona.

20.     Plaintiff CycleBar Franchising, LLC manages the licensing, systems and processes employed in operating the franchise system for the fitness brand CycleBar, the world's largest premium indoor cycling brand.  Each workout provides a 45-minute low-impact, high-intensity cycling experience for people of all ages and body types.  The Company has seven franchises located in Arizona and has adopted and implemented certain written policies and procedures in compliance with the measures recommended or issued by the CDC, OSHA and ADHS as applicable to the CycleBar franchises in Arizona.

21.     Plaintiff PB Franchising, LLC manages the licensing, systems and processes employed in operating the franchise system for the fitness brand Pure Barre, which offers a range of class offerings that target strength, cardio and flexibility for people of all levels, providing clients with self-focused time to transform the body and mind.  The Company has twelve franchises located in Arizona and has adopted and implemented certain written

policies and procedures in compliance with the measures recommended or issued by the CDC, OSHA and ADHS as applicable to the Pure Barre franchises in Arizona.

22.     Plaintiff Row House Franchise, LLC manages the licensing, systems and processes employed in operating the franchise system for the fitness brand Row House, which is based on the idea that rowing is simply the most efficient, low-impact, high-energy, full-body workout for any fitness level.  The Company has one franchise located in Arizona and has adopted and implemented certain written policies and procedures in compliance with the measures recommended or issued by the CDC, OSHA and ADHS as applicable to the Row House franchise in Arizona.

23.     Plaintiff Stretch Lab Franchise, LLC manages the licensing, systems and processes employed in operating the franchise system for the fitness brand StretchLab, which offers one-on-one assisted stretching services to increase mobility and flexibility, help reduce pain, decrease muscle aches, improve posture, reduce recovery time and enhance quality of life.  The Company has four franchises located in Arizona and has adopted and implemented certain written policies and procedures in compliance with the measures recommended or issued by the CDC, OSHA and ADHS as applicable to the StretchLab franchises in Arizona.

24.     Plaintiff Yoga Six Franchise, LLC manages the licensing, systems and processes employed in operating the franchise system for the fitness brand Yoga Six, which offers six different class types in the art of practicing yoga to help in controlling the mind, body and soul.  The Company has two franchise located in Arizona and has adopted and implemented certain written policies and procedures in compliance with the measures recommended or issued by the CDC, OSHA and ADHS as applicable to the Yoga Six franchises in Arizona.

## COVID-19 and the Closure of Plaintiffs' Businesses in Arizona

25.     On or about January 31, 2020, Secretary Alex Azar of the United States Department of Health and Human Services declared a public health emergency to address COVID-19.  This declaration followed a declaration by the World Health Organization that spread of the virus constituted a public emergency of international concern.

26.     On March 13, 2020, President Donald J. Trump issued Proclamation 994 declaring the COVID-19 outbreak in the United States constituted a national emergency, beginning March 1, 2020.  Since then, the American people generally have united behind a policy of mitigation strategies, including social distancing, to flatten the curve of infections and reduce the spread of the SARS–CoV–2 virus that causes COVID-19.  As a result, the United States economy took a major hit, with national unemployment claims reaching historic levels.  In the days between the national emergency declaration and April 11, 2020, more than 22 million Americans reportedly filed for unemployment.

27.     On March 11, 2020, Governor Ducey issued a Declaration of Emergency and Executive Order 2020-07 to provide health officials and administrators with tools and guidance necessary to combat the spread of COVID-19.  The Emergency Declaration established the ADHS as the entity responsible for coordinating all matters pertaining to the public health emergency response of the State.

28.     On March 19, 2020, Governor Ducey issued Executive Order 2020-09 closing all bars, movie theaters and indoor gyms and fitness clubs effective March 20, 2020, until further notice.  This Order also closed all restaurants in counties of the State with confirmed cases of COVID-19 to on-site dining until further notice.

29.     On March 23, 2020, Governor Ducey issued Executive Order 2020-12 clarifying business and operations deemed "essential" in limiting the spread of COVID-19, while providing relief to families, individuals and businesses impacted.  This Order recognized the importance of mental and physical health, exercise and fitness as being

essential to the lives of Arizonans, allowing for, among other things, the provision of outdoor recreation activities such walking, hiking, biking and golfing with social distancing as essential businesses in the State of Arizona.  This Order also allowed for other "essential" functions that promote the health, safety and welfare of the state or assist others in fulfilling such functions, including professional and personal service providers whose services are rendered indoors to foster the health and well-being of Arizonans.

**The Reopening of Arizona and of Plaintiffs' Businesses**

30.     On April 29, 2020, Governor Ducey issued Executive Order 2020-33 instituting a "Stay home, Stay health, Stay connected" policy to promote physical distancing, while also encouraging social connectedness.  Under this Order, all businesses classified as "Essential Functions" were to establish and implement social distancing and sanitation measures established by the United States Department of Labor or ADHS.  In addition, effective May 8, 2020, retailers not classified as essential under Executive Order 2020-12 and whose business involves the sale of goods were allowed to open, operate and offers goods for sale to customers in their stores provided they establish and implement protocols and best practices for businesses to address COVID-19 as outlined in the Order.

31.     On May 4, 2020, Governor Ducey issued Executive Order 2020-34 providing that barbers and cosmetologist may resume operations effective May 8, 2020, provided they establish and implement protocols and best practices for businesses to address COVID-19, including face coverings for employees and customers, operating by appointment only and following protocols as directed by the CDC, the United States Department of Labor Division of Occupational Safety and the ADHS.

32.     On May 12, 2020, Governor Ducey issued Executive Order 2020-36 instituting a "Stay Healthy, Return Smarter, Return Stronger" policy allowing businesses to gradually and safely open, effective May 16, 2020, in compliance with federal guidelines to mitigate and prevent the spread of COVID-19.  Under this Order, any

business operating in Arizona shall develop, establish and implement policies based on guidance from the CDC, OSHA and ADHS to limit and mitigate the spread of COVID-19, including: "a.  Promoting healthy hygiene practices; [¶]b. Intensifying cleaning, disinfection and ventilation practices; [¶]c. Monitoring for sickness; [¶]d. Ensuring physical distancing; [¶]e. Providing necessary protective equipment; [¶]f. Allowing for and encouraging teleworking where feasible; [¶]g. Providing plans, where possible, to return to work in phases; and [¶]h. Limiting the congregation of groups of no more than 10 persons when feasible in relation to the size of the location."

33.     Executive Order 2020-36 also provided for the issuance of "Guidance for Gyms and Fitness Providers" stating as follows:

[See next page]

STAY **HEALTHY.** RETURN **SMARTER.** RETURN **STRONGER.**



## GUIDANCE FOR GYMS AND FITNESS PROVIDERS
*Pursuant to EO 2020-36, Stay Healthy, Return Smarter, Return Stronger*

**Following the Centers for Disease Control and Prevention (CDC) guidance, under all circumstances, the following precautions should be followed by people utilizing gyms. To the extent possible, these providers should take measures to ensure that customers may follow these guidelines:**

- Stay home if sick.
- Protect yourself while visiting gyms:
  - Stay at least 6 feet away from other patrons.
  - If you are at higher risk for severe illness, you should avoid visiting gyms & fitness providers. People at higher risk for severe illness include adults 65 or older and people of any age who have serious underlying medical conditions.
  - Do not touch your eyes, nose, or mouth.
  - If possible, use touchless payment (pay without touching money, a card, or a keypad). If you must handle money, a card, or use a keypad, use hand sanitizer immediately after.
  - After leaving the gym, use hand sanitizer. When you get home, wash your hands with soap and water for at least 20 seconds.

**FOR BUSINESSES - The Department of Health Services recommends the following additional steps be taken by gyms:**

- Maintain physical distancing, to the extent possible.
- Provide and require employees to wear masks when possible.
- Provide access to soap and water for handwashing or an alcohol-based hand sanitizer at stations around the gym for use by employees and clients. Require employees to regularly wash hands for at least 20 seconds.
- Operate with reduced occupancy and capacity based on the size of the business location with special attention to limiting areas where customers and employees can congregate.
- Wipe any pens, counters, or hard surfaces between use or customer.
- Implement comprehensive sanitation protocols, including sanitizing gym equipment before and after every use.
  - Provide disposable disinfectant wipes, cleaner, or spray so patrons can wipe down frequently touched surfaces on gym equipment.
- Implement symptom screening for employees prior to the start of their shift.
- Consider offering cloth face coverings to employees to wear.
- Arrange waiting areas, service areas, and break rooms to provide for appropriate physical distancing and sanitize areas regularly between use.
- Consider posting signs advising customers and employees of expectations and guidance.
- Train all employees in the above safety actions.
- Consider contactless check-ins.
- Consider requiring online bookings for fitness classes and limiting the size of the class to allow for appropriate physical distancing.
- Arrange cardio equipment so that appropriate physical distancing can be adhered to.
- Ensure adequate equipment for patrons to minimize sharing to the extent possible, or limiting use of equipment by one user at a time and cleaning and disinfecting between use.
- Consider limiting gym hours to allow for proper sanitation.
- Implement enhanced sanitation of locker room areas.
- Require employees and patrons to clean out lockers nightly to facilitate overnight deep cleaning processes.
- Consider requiring guests to provide their own towels. If this is not possible and towels must be provided:
  - Launder items according to the manufacturer's instructions. Use the warmest appropriate water setting and dry items completely.
  - Wear disposable gloves when handling used towels from guests.
  - Do not shake used towels.
  - Clean and disinfect bins that hold used towels according to guidance for disinfecting surfaces.
  - After handling used towels: Remove gloves, and wash hands right away.

*\*\*Note that guidance continues to be updated and those complying with the guidance are encouraged to visit the websites provided frequently to ensure they are complying with the most up-to-date guidance.*

**Websites for additional public health guidance:**

www.cdc.gov · www.azhealth.gov · www.dol.gov · www.osha.gov

QB\63776628.1

34.     On or about May 16, 2020, Plaintiffs' businesses in Arizona began to reopen in accordance with the policies and guidance provided under Executive Order 2020-36. Plaintiffs have developed, established and implemented detailed and comprehensive written policies and procedures based on guidance from the CDC, OSHA and ADHS for reopening their businesses, including the following:

- Contactless check-in procedures including a plastic shield between receptionists and guests

- Limited ingress/egress into studios to ensure six feet of separation during entry and exit

- Mandatory mask policy

- Gloves and hand sanitizer provided for staff and clients

- No-contact temperature checks

- Reduced class sizes to maximize equipment spacing to maintain six feet separation between customers at all times during exercise

- Requiring customers to bring their own exercise equipment where applicable (e.g. yoga mats)

- Stringent sanitizing procedures and cleaning protocols prior to every class

- Floor stickers and other signage throughout studios to reinforce social distancing

- Offering hybrid in-studio and livestream classes

- Strict adherence to EEOC and OSHA guidelines for safeguarding employees

35.     On June 17, 2020, Governor Ducey issued Executive Order 2020-40 providing that businesses shall assist in efforts to "Contain the Spread," by updating and

enforcing written policies in accordance with Executive Order 2020-36. The Order further provided that this provision shall be enforced by law enforcement and regulatory agencies that have jurisdiction over the businesses as prescribed in paragraph 5 thereof.

**Executive Order 2020-43 and Reclosure of Plaintiffs' Businesses**

36.     On June 29, 2020, Governor Ducey issued E.O. 2020-43 requiring that all "[i]ndoor gyms and fitness clubs or centers," among other businesses, "pause operations" effective June 29, 2020, at 8:00 p.m., until at least July 27, 2020, unless extended. Under this Order, businesses closed by the State may "receive authorization to reopen" after they "submit a form as prescribed by [ADHS] that attests the entity is in compliance with guidance issued by ADHS related to COVID-19 business operations." To date, no "form" exists as prescribed by the Order, and apparently will not be available "until at least July 27, 2020," or even longer if the Order is "extended."

37.     In broadly shutting down all facets of an entire industry, Governor Ducey has disregarded the very findings and policies set forth in his own prior Executive Orders in mandating social distancing and the related measures to mitigate and prevent the spread of COVID-19. E.O. 2020-43 was issued without warning and without regard to the effectiveness of the stringent protocols that Plaintiffs have implemented to protect against COVID-19. There are no findings that these measures are ineffective when utilized by indoor gyms or fitness clubs, nor are there any findings that Plaintiffs or their franchisees somehow failed to properly implement these measures in the boutique studios they operate. To the contrary, Plaintiffs are in full compliance with the guidance issued by ADHA related to COVID-19 business operations, and there have been no reported incidents of customers or employees becoming infected with COVID-19 while exercising or working at any of Plaintiffs' franchises in Arizona.

38.     The blanket prohibition in E.O. 2020-43 on the operation of all indoor gyms and fitness centers is arbitrary, unnecessary and unreasonable. There is no evidence that

such a drastic and oppressive measure is necessary to address the recent increase in COVID-19 infections in Arizona.  Nor does E.O. 2020-43 balance the important need to prevent the further spread of COVID-19 against the equally important need of citizens to maintain their physical and mental well-being during these difficult times—while also protecting against economic collapse.

39.     Although implicitly acknowledging that some social activities are riskier than others, E.O. 2020-43 fails to consider that exercising at a boutique fitness studio under controlled conditions that are informed by the best scientific and medical knowledge presents no greater risk of spreading COVID-19 than many other activities that are currently allowed in Arizona (such as getting a tattoo or gaming at a casino). Moreover, the physical and mental health benefits to Arizonans from allowing Plaintiffs to continue operating under conditions known to mitigate and protect against the risk of spreading COVID-19 outweigh the benefits sought in issuing E.O. 2020-43, to say nothing of the devastating economic impacts that the Order imposes on Plaintiffs, their franchisees and their employees in shutting down all operations of all fitness studios in Arizona, across the board.

40.     Plaintiffs and the other Arizonans who operate and work at Plaintiffs' franchises have already suffered tremendous hardship from prior closure orders due to COVID-19 and were just beginning to return to work and get back on their feet, only to have the rug pulled from under them again.  It is as if no one has learned what does and does not work to mitigate the spread of COVID-19 and the benefits of social distancing and other measures shown to be effective in mitigating COVID-19 remain unknown.  But none of this is true.  The guidelines recommended by the CDC and implemented by the ADHS are known to be effective in mitigating COVID-19 and continue to be in effect throughout all walks of life in Arizona.  In view of this knowledge and experience, the devastating impact to Arizonans from blanket shut-down orders such as E.O. 2020-43 is

totally unnecessary and easily avoidable.  As such, E.O. 2020-43 is not only unwise and irresponsible, it cannot withstand constitutional scrutiny.

## FIRST CLAIM FOR RELIEF

### Violation of the Due Process Clause

### (Against All Defendants)

41.     Plaintiffs hereby realleges and incorporate all prior allegations of this Complaint as if set forth fully herein.

42.     The Fourteenth Amendment to the United States Constitution provides in pertinent part: "No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law…."

43.     The Fifth Amendment to the United States Constitution provides in pertinent part: "No person shall be … deprived of life, liberty, or property, without due process of law…."

44.     Plaintiffs have a fundamental property interest in conducting lawful business activities that is protected by the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution.

45.     In issuing E.O. 2020-43, which expressly deprives Plaintiffs of their rights and liberties in conducting lawful businesses by ordering that all "[i]ndoor gyms and fitness clubs or centers" shall "pause operations" until at least June 27, 2020, unless extended, Defendants did not afford Plaintiffs with a constitutionally adequate hearing or opportunity to present their case for their businesses to not be subject to the Order and to not be closed under the terms stated or at all.  At a minimum, Plaintiffs should have been able to decide for themselves whether to "pause operations" of their businesses if they were not equipped properly to deal with the health and safety guidelines issued by the CDC and ADHS in connection with COVID-19.

-15

46.     Defendants failed to comply with the procedural and substantive requirements of the United States Constitution in connection with Plaintiffs' rights and liberties as they relate to their respective businesses, which would have given Plaintiff a meaningful opportunity to respond to the proposed shut down of the businesses and explain how and why they are so deeply flawed and unconstitutional as applied to Plaintiffs.

47.     Because the issuance of E.O. 2020-43 was made in reliance on procedurally deficient and substantively unlawful processes, Plaintiffs were directly and proximately deprived of their property and, consequently, their ability to lawfully operate their business without unconstitutional government overreach.

48.     Because E.O. 2020-43 is arbitrary and capricious as applied to Plaintiffs with respect to the shut down their businesses, Plaintiffs were directly and proximately deprived of their property rights absent substantive due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

49.     Plaintiffs have no adequate remedy at law and will suffer serious and irreparable harm to their constitutional rights unless Defendants are enjoined from implementing and enforcing E.O. 2020-43 as to Plaintiffs and their franchisees in Arizona.

50.     Pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiffs are entitled to declaratory relief and injunctive relief invalidating and enjoining enforcement of E.O. 2020-43 as to Plaintiffs and their franchisees in Arizona.

51.     Plaintiffs found it necessary to engage the services of private counsel to vindicate their rights under the law.  Plaintiffs are therefore entitled to an award of attorneys' fees pursuant to 42 U.S.C. § 1988.

**SECOND CLAIM FOR RELIEF**

**Violation of the Equal Protection Clause**

**(Against All Defendants)**

52.    Plaintiffs hereby realleges and incorporate all prior allegations of this Complaint as if set forth fully herein.

53.    The Fourteenth Amendment to the United States Constitution provides in pertinent part: "No state shall … deny to any person within its jurisdiction the equal protection of the laws."

54.    There is no rational basis to deny Plaintiffs the right to conduct their businesses yet permit other equally "non-essential" and even less "essential" businesses that present substantially the same or a greater risk of the spread of COVID-19 to continue without a mandatory "pause" in operations of their businesses.  This includes indoor dining, tattoo parlors, barbers, cosmetologists, spas, and casinos.

55.    Plaintiffs have no adequate remedy at law and will suffer serious and irreparable harm to their constitutional rights unless Defendants are enjoined from implementing and enforcing E.O. 2020-43 as to Plaintiffs and their franchisees in Arizona.

56.    Pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiffs are entitled to declaratory relief and injunctive relief invalidating and enjoining enforcement of E.O. 2020-43 as to Plaintiffs and their franchisees in Arizona.

57.    Plaintiffs found it necessary to engage the services of private counsel to vindicate their rights under the law.  Plaintiffs are therefore entitled to an award of attorneys' fees pursuant to 42 U.S.C. § 1988.

-17

QB\63776628.1

**THIRD CLAIM FOR RELIEF**

**Violation of Takings Clause**

**(Against All Defendants)**

58.     Plaintiffs hereby realleges and incorporate all prior allegations of this Complaint as if set forth fully herein.

59.     The Fifth Amendment to the United States Constitution provides in relevant part: "[N]or shall private property be taken for public use, without just compensation."

60.     The "police power" that is inherent in a sovereign government and reserved for the States in the Tenth Amendment to the United States Constitution is subject to constitutional considerations, including the "Takings Clause" in the Fifth Amendment to the U.S. Constitution.  "To justify the State in thus interposing its authority in behalf of the public, it must appear—First, that the interests of the public … require such interference; and, second, that the means are reasonably necessary for the accomplishment of the purpose, and not unduly oppressive upon individuals." *Lawton v. Steele*, 152 U.S. 133, 137 (1894).  The second prong of this test requires consideration of "such things as the nature of the menace against which [the government action] will protect, the availability and effectiveness of other less drastic protective steps, and the loss which appellants will suffer from the imposition of the ordinance." *Goldblatt v. Hempstead*, 369 U.S. 590, 595 (1962).

61.     The interests of the public do not require the closing of Plaintiffs' business as mandated under E.O. 2020-34.  In prior Executive Orders, Governor Ducey has already acknowledged that the way to mitigate or prevent the spread of COVID-19 is to develop, establish and implement policies based on guidance from the CDC, OSHA and ADHA to limit and mitigate the spread of COVID-19.  Accordingly, in lieu of a blanket shutdown order, the appropriate response would have been to order Plaintiffs to develop, establish and implement such policies.  In fact, Governor Ducey had already issued such an order,

and the banning of Plaintiffs' businesses for a second time as mandated in E.O. 2020-34 was wholly unnecessary.

62.     Significantly, E.O. 2020-34 does not ban Plaintiff from operating their businesses without COVID-19 precautions; it much more broadly bans them from operating their businesses at all until at least July 27, 2020.  An unconstitutional "taking" is still unconstitutional even if the taking is temporary.  "The potential for future relief does not control … because whatever may occur in the future cannot undo what has occurred in the past. … If this deprivation amounts to a taking, its limited duration will not bar constitutional relief.  It is well established that temporary takings are as protected by the Constitution as are permanent ones."  *First English Evangelical Lutheran Church v. County of L.A.*, 482 U.S. 304, 318 (1987).

63.     The shutdown of each of Plaintiffs' businesses under E.O. 2020-34 constitutes an unconstitutional taking in violation of the Fifth Amendment to the United States Constitution.

64.     Plaintiffs have no adequate remedy at law and will suffer serious and irreparable harm to their constitutional rights unless Defendants are enjoined from implementing and enforcing E.O. 2020-43 as to Plaintiffs and their franchisees in Arizona.

65.     Pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiffs are entitled to money damages for the unconstitutional taking of their properties, as well as declaratory and injunctive relief invalidating and enjoining enforcement of E.O. 2020-43 as to Plaintiffs and their franchisees in Arizona.

66.     Plaintiffs found it necessary to engage the services of private counsel to vindicate their rights under the law.  Plaintiffs are therefore entitled to an award of attorneys' fees pursuant to 42 U.S.C. § 1988.

QB\63776628.1

**FOURTH CLAIM FOR RELIEF**

**Violation of Due Process, Ariz. Const. Art. 2, § 4**

**(Against All Defendants)**

67.     Plaintiffs hereby realleges and incorporate all prior allegations of this Complaint as if set forth fully herein.

68.     Article 2, § 4 of the Arizona Constitution prohibits deprivation of life, liberty or property without due process of law.

69.     Plaintiffs' respective rights to conduct lawful businesses is a protected property interest.

70.     Plaintiffs were entitled to an opportunity to be heard before enactment of E.O. 2020-43 to establish Plaintiffs' businesses are in compliance with guidance issued by ADHA related to COVID-19 business operations and are not a threat to public health. Alternatively, Plaintiffs were entitled to an opportunity to be heard immediately after enactment of E.O. 2020-43 to establish Plaintiffs' businesses are in compliance with such guidance and are not a threat to public health.

71.     Defendants' failure to provide Plaintiffs with an opportunity to be heard before depriving Plaintiffs of their right to conduct their businesses violates Plaintiffs' procedural due process rights under Article 2, § 4 of the Arizona Constitution.

72.     In addition, there is no rational basis for E.O. 2020-43, and it is arbitrary and capricious.  In accordance with Governor Ducey's prior Executive Orders, Plaintiffs were and are already in compliance with guidance issued by ADHA related to COVID-19 business operations, and Defendants' closure of Plaintiffs' businesses under E.O. 2020-43 violates their right under Article 2, § 4 of the Arizona Constitution to be free from deprivation of property without due process of law.

73.     Plaintiffs have no adequate remedy at law and will suffer serious and irreparable harm to their constitutional rights unless Defendants are enjoined from

-20-

implementing and enforcing E.O. 2020-43 as to Plaintiffs and their franchisees in Arizona.

74.    Plaintiffs are entitled to declaratory relief and injunctive relief invalidating and enjoining enforcement of E.O. 2020-43 as to Plaintiffs and their franchisees in Arizona.

75.    Plaintiffs are entitled to an award of their attorneys' fees and costs pursuant to the private attorney general doctrine.

**FIFTH CLAIM FOR RELIEF**

**Violation of Equal Protection, Ariz. Const. Art. 2, § 13**

**(Against All Defendants)**

76.    Plaintiffs hereby realleges and incorporate all prior allegations of this Complaint as if set forth fully herein.

77.    Article 2, § 13 of the Arizona Constitution states: "No law shall be enacted granting to any citizen, class of citizens, or corporation other than municipal, privileges or immunities which, upon the same terms, shall not equally belong to all citizens or corporations."

78.    In violation of Article 2, § 13 of the Arizona Constitution, E.O. 2020-43 creates an arbitrary classification between indoor gyms or fitness centers, which are subject to closure, and other equally "non-essential" and even less "essential" businesses, which are not subject to closure.

79.    In violation of Article 2, § 13 of the Arizona Constitution, E.O. 2020-43 arbitrarily classifies indoor gyms or fitness centers such as Plaintiffs that operate with appropriate COVID protocols with other gyms or fitness centers that do not operate with appropriate COVID protocols.

80.    Plaintiffs have no adequate remedy at law and will suffer serious and irreparable harm to their constitutional rights unless Defendants are enjoined from

-21-

implementing and enforcing E.O. 2020-43 as to Plaintiffs and their franchisees in Arizona.

81.     Plaintiffs are entitled to declaratory relief and injunctive relief invalidating and enjoining enforcement of E.O. 2020-43 as to Plaintiffs and their franchisees in Arizona.

82.     Plaintiffs are entitled to an award of their attorneys' fees and costs pursuant to the private attorney general doctrine.

**SIXTH CLAIM FOR RELIEF**

**Violation of U.S. Constitution Contracts Clause**

**(Against All Defendants)**

83.     Plaintiffs hereby reallege and incorporate all prior allegations of this Complaint as if set forth fully herein.

84.     Article 1, Section 10 of the United States Constitution provides: "No state shall . . . pass any . . . Law impairing the Obligation of Contracts."

85.     Plaintiffs AKT Franchise, LLC, Club Pilates Franchise, LLC, CycleBar Franchising, LLC, PB Franchising, LLC, Row House Franchise, LLC, Stretch Lab Franchise, LLC and Yoga Six Franchise, LLC are parties to valid franchise agreements with individual operators of Plaintiffs' various fitness brands, including in the State of Arizona. These contracts establish various rights inuring to Plaintiffs' benefit, including the right to receive royalties and other payments from franchisees.

86.     The franchisees are, in turn, parties to contracts with the individual customers who pay the franchisees for fitness and exercise services and products provided by Plaintiffs and the franchisees. Plaintiffs are beneficiaries of these contracts because their ability to receive royalties and other payments is directly tied to the franchisees' ability to provide fitness services and products to individual customers.

QB\63776628.1

87.    By its terms, E.O. 2020-43 substantially impairs the existing contracts between Plaintiffs and their franchisees, and between the franchisees and their customers.

88.    If E.O. 2020-43 is enforced and requires Plaintiffs' franchisees to cease all operations indefinitely, it would substantially undermine the contracts between Plaintiffs and their franchisees, and between the franchisees and their customers, because E.O. 2020-43 eliminates the very essence of the contractual bargain in these existing contracts.

89.    If E.O. 2020-43 is enforced and requires Plaintiffs' franchisees to cease all operations indefinitely, it would substantially interfere with the reasonable expectations under existing contracts between Plaintiffs and their franchisees, and between the franchisees and their customers, because shuttering all indoor gyms and fitness clubs eliminates the primary value of those contracts.

90.    Plaintiffs, their franchisees, and their customers had no reason to anticipate that E.O. 2020-43 would close all indoor gyms and fitness clubs indefinitely at the time they bargained for these contracts.

91.    The ability of Plaintiffs' franchisees to operate fitness studios and to provide exercise services and products to customers had obvious value and was a significant factor in Plaintiffs' bargaining expectations when entering into these contracts.

92.    E.O. 2020-43 is not drawn in an appropriate and reasonable way to advance a significant and legitimate public purpose.

93.    E.O. 2020-43's irrational exemptions—such as allowing casinos, liquor stores, tanning salons, and other non-essential businesses to continue operations while shuttering gyms and fitness clubs—demonstrate that E.O. 2020-43 was not a proper exercise the police power, but instead sought to provide a benefit to special interests while harming Plaintiffs.

94.    E.O. 2020-43 does not reasonably advance the purpose of reducing community spread of the novel coronavirus, because its exemptions allow other

-23-

businesses to continue operations without any reasonable grounds for the disparate treatment of those businesses and Plaintiffs' businesses.

95.    E.O. 2020-43 will unreasonably and substantially impair the existing contracts between Plaintiffs and their franchisees, and between the franchisees and their customers, because more moderate and narrowly tailored restrictions on indoor gyms and fitness clubs would have served the State's purported purpose equally well.

96.    If shutting down indoor gyms and fitness clubs was necessary to reduce the spread of novel coronavirus, then Defendants would not have irrationally exempted from numerous categories of business that similarly involve the congregation of individuals in retail spaces, such as casinos, beauty salons, and "big box" stores, among others.

97.    E.O. 2020-43 therefore violates the Contracts Clause of the U.S. Constitution, and this violation is actionable under Section 1983 of Title 42 of the U.S. Code.

## SEVENTH CLAIM FOR RELIEF

### Violation of Due Process – Vagueness

### (Against All Defendants)

98.    Plaintiffs hereby reallege and incorporate all prior allegations of this Complaint as if set forth fully herein.

99.    The Fifth Amendment to the United States Constitution provides in pertinent part: "No person shall be … deprived of life, liberty, or property, without due process of law…."

100.    It is a fundamental principle that laws regulating persons or entities must give fair notice of conduct that is forbidden or required.  This requirement in clarity in regulation is essential to the protections provided by the due process clause of the Fifth Amendment. Laws that are impermissibly vague therefore violate due process and are unconstitutional.

QB\63776628.1

101.    Individuals who violate Executive Orders issued by the governor, including E.O. 2020-43, are subject to criminal penalties. *See, e.g.*, A.R.S. § 26-317.

102.    E.O. 2020-43 is impermissibly vague in violation of the due process clause because it purports to apply to "[i]ndoor gyms and fitness clubs or centers" without further defining that phrase, which has no accepted meaning or definition in Arizona law, and thus a person of ordinary intelligence cannot reasonably discern to whom E.O. 2020-43 applies

103.    E.O. 2020-43 is impermissibly vague in violation of the due process clause because it directs certain businesses to "pause operations," without further defining that phrase, and thus a person of ordinary intelligence cannot reasonably discern what conduct E.O. 2020-43 prohibits.

104.    E.O. 2020-43 is impermissibly vague in violation of the due process clause in that it purports to pause the operations of certain businesses "until at least July 27, 2020," without further explanation, and thus a person of ordinary intelligence cannot reasonably discern the duration of the already vague restrictions contained in E.O. 2020-43.

105.    E.O. 2020-43 is impermissibly vague in violation of the due process clause in that is purports to require businesses to submit a "form" in order to obtain authorization to resume operations, without making the form available and without setting forth any standards or guidelines for how reopening determinations will be made, and thus a person of ordinary intelligence cannot reasonably discern how to obtain authorization to resume business operations under E.O. 2020-43.

106.    The individual requirements of E.O. 2020-43, and E.O. 2020-43 read as a whole, are so vague and indefinite as to establish no enforceable rules or standards at all.

-25-

107.    There are no supplemental Executive Orders or other government resources available to explain, clarify, or correct the vague and indefinite terms and requirements of E.O. 2020-43.

108.    To the extent E.O. 2020-43 could be interpreted to apply to Plaintiffs, and to the extent Plaintiffs face criminal penalties for violating the vague requirements of E.O. 2020-43, Plaintiffs will suffer serious and irreparable harm to their constitutional rights unless Defendants are enjoined from implementing and enforcing E.O. 2020-43 as to Plaintiffs and their franchisees in Arizona.

109.    Pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiffs are entitled to declaratory relief and injunctive relief invalidating and enjoining enforcement of E.O. 2020-43 as to Plaintiffs and their franchisees in Arizona.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment:

A.      Declaring that E.O. 2020-43 is unenforceable because it is unconstitutional under the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution;

B.      Declaring that E.O. 2020-43 is unenforceable because it is unconstitutional under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution;

C.      Declaring that E.O. 2020-43 is unenforceable because it is unconstitutional under the Takings Clause of the Fifth Amendment to the United States Constitution

D.      Declaring that E.O. 2020-43 is unenforceable because it violates Plaintiffs' rights to due process under Article 2, § 4 of the Arizona Constitution;

E.      Declaring that E.O. 2020-43 is unenforceable because it violates Plaintiffs' rights to equal protection of law under Article 2, § 13 of the Arizona Constitution;

F.      Declaring that E.O. 2020-43 is unenforceable because it is unconstitutional

-26-

under the Contracts Clause in Article 1, Section 10 of the United States Constitution;

G.     Declaring that E.O. 2020-43 is unenforceable because it is unconstitutionally vague under the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution;

H.     Temporarily and permanently enjoining the enforcement of E.O. 2020-43;

I.     Awarding Plaintiffs money damages in an amount according to proof;

J.     Awarding Plaintiffs their costs and litigation expenses, including attorney's fees and costs; and

K.     Awarding Plaintiffs such other and further relief that this Court deems just, proper, and equitable.

RESPECTFULLY SUBMITTED this 1st day of July, 2020.

**QUARLES & BRADY LLP**
Renaissance One
Two North Central Avenue
Phoenix, AZ 85004-2391

By */s/ Brian A. Howie*
　　Brian A. Howie

Alex M. Weingarten* (CA 204410)
amweingarten@venable.com
Celeste M. Brecht* (CA 238604)
cmbrecht@venable.com
Jeffrey K. Logan* (CA 136962)
jklogan@venable.com
Steven E. Swaney* (CA 221437)
seswaney@venable.com
**VENABLE LLP**
2049 Century Park East, Suite 2300
Los Angeles, CA  90067

*Attorneys for Plaintiffs*
Xponential Fitness, LLC, AKT Fitness, LLC, Club Pilates Franchise, LLC,
CycleBar Franchising, LLC, PB Franchising, LLC, Row House Franchise, LLC,
Stretch Lab Franchise, LLC and Yoga Six Franchise, LLC

*\*Pro Hac Vice Forthcoming*

-27

1

2

### JURY TRIAL DEMAND

3

Plaintiffs hereby demand a jury trial on all claims for which it is available.

4

RESPECTFULLY SUBMITTED this 1st day of July, 2020.

5

6

**QUARLES & BRADY LLP**
Renaissance One
Two North Central Avenue
Phoenix, AZ 85004-2391

7

8

By */s/ Brian A. Howie*
    Brian A. Howie

9

10

Alex M. Weingarten* (CA 204410)
amweingarten@venable.com
Celeste M. Brecht* (CA 238604)
cmbrecht@venable.com
Jeffrey K. Logan* (CA 136962)
jklogan@venable.com
Steven E. Swaney* (CA 221437)
seswaney@venable.com
**VENABLE LLP**
2049 Century Park East, Suite 2300
Los Angeles, CA  90067

11

12

13

14

15

*Attorneys for Plaintiffs*
Xponential Fitness, LLC, AKT Fitness, LLC,
Club Pilates Franchise, LLC,
CycleBar Franchising, LLC, PB Franchising,
LLC, Row House Franchise, LLC,
Stretch Lab Franchise, LLC and Yoga Six
Franchise, LLC

16

17

18

19

*\*Pro Hac Vice Forthcoming*

20

21

22

23

24

25

26

QB\63776628.1