MARK BRNOVICH
ATTORNEY GENERAL
Brunn (Beau) W. Roysden III, 028698
   *Assistant Attorney General*
2005 North Central Avenue
Phoenix, AZ 85004
(602) 542-8958
beau.roysden@azag.gov

*Attorneys for the State of Arizona*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Xponential Fitness, LLC, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> The State of Arizona and Douglas A. Ducey, Governor of the State of Arizona, in his official capacity, <br><br> Defendants. | No. 2:20-CV-01310-DJH <br><br> **DEFENDANT STATE OF ARIZONA'S MOTION TO DISMISS** |

The actions challenged in Plaintiffs' Complaint and Motion for Temporary Restraining Order and Preliminary Injunction are unilateral actions by the Governor of Arizona, who is named as a Defendant in this action and has his own counsel. *See* A.R.S. § 41-192(D)(7). The undersigned is empowered to represent the State of Arizona in actions in federal court. *See* A.R.S. §41-193(A)(3). Pursuant to Rule of Civil Procedure 12(b)(1), 12(b)(6), and 12(c), Defendant State of Arizona through undersigned counsel hereby moves to dismiss the State of Arizona on the basis of Eleventh Amendment Immunity.[1]

---

[1] The Arizona Attorney General was not consulted on the drafting of the executive orders at issue and therefore takes no position on the underlying merits of the Plaintiffs' claims other than to note that the Plaintiffs raise serious issues of first impression involving executive authority in an emergency that deserve close and careful consideration by the Court.

Plaintiffs' claims against the State of Arizona violate the State's sovereign immunity and must be dismissed. "States' immunity from suit is a fundamental aspect of the sovereignty which the States enjoyed before the ratification of the Constitution, and which they retain today." *Alden v. Maine*, 527 U.S. 706, 713 (1999). It is black-letter law that "suits against the States and their agencies … are barred regardless of the relief sought." *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139 (1993). Indeed, the Supreme Court "has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974). The State has taken no steps to waive immunity here or otherwise invoke the jurisdiction of a federal court here.

Counts 1, 2, 3, 6, and 7 are all brought under 42 U.S.C. §§ 1983, 1988. "[T]he Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, an 'arm of the state,' its instrumentalities, or its agencies." *Strojnik v. State Bar of Arizona*, __ F. Supp. 3d __, No. CV-19-02704-PHX-DJH, 2020 WL 1275781, at *3 (D. Ariz. Mar. 17, 2020) (quoting *Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995)); *see also id.* (citing *Cleveland v. Pinal County Superior Court*, 2012 WL 4932657, at *3 (D. Ariz. Oct. 16, 2012) ("Under the Eleventh Amendment to the Constitution of the United States, neither a state nor its agencies may be sued in federal court without the state's consent."); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)). "Furthermore, 'a state is not a "person" for purposes of section 1983.'" *Caraffa v. State of Arizona*, No. 20-CV-800, 2020 WL 2768694, at *3 (D. Ariz. May 27, 2020) (citing *Gilbreath v. Cutter Biological, Inc.*, 931 F.2d 1320, 1327 (9th Cir. 1991)).[2]

---

[2] As to Count 3, which raises a claim under the Takings Clause, the Supreme Court recognized in *Knick v. Twp. of Scott, Pennsylvania*, 139 S. Ct. 2162, 2176 (2019), that, "because the federal and nearly all state governments provide just compensation remedies to property owners who have suffered a taking, equitable relief is generally

Counts 4 and 5 are brought under State law. These claims are likewise barred from being brought here by Eleventh Amendment immunity. Moreover, as they assert state law claims, they are further barred by *Pennhurst*. "[I]t would be 'difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law.'" *Monarch Content Mgmt. LLC v. Arizona Dep't of Gaming*, No. CV-19-4928, 2019 WL 7019416, at *5 (D. Ariz. Dec. 20, 2019) (quoting *Pennhurst*, 465 U.S. at 106). "Thus, to the extent Plaintiffs' claims under the Arizona Constitution differ in any material way from their claims under the United States Constitution, the Court declines to address the claims under the Arizona Constitution for the purposes of injunctive relief against the state." *Id.*

For the foregoing reasons, this Court should dismiss the State of Arizona from this action.

RESPECTFULLY SUBMITTED this 8th day of July, 2020.

MARK BRNOVICH
ATTORNEY GENERAL

By   s/ Brunn (Beau) W. Roysden III
Brunn (Beau) W. Roysden III
  *Assistant Attorney General*
2005 North Central Avenue
Phoenix, AZ 85004

*Attorneys for the State of Arizona*

---

unavailable. As long as an adequate provision for obtaining just compensation exists, there is no basis to enjoin the government's action effecting a taking."

As in other States, Arizona has a remedy for obtaining just compensation. The Arizona Constitution provides that "[n]o private property shall be taken or damaged for public or private use without just compensation having first been made …." Ariz. Const. art. II, § 17. This provision is self-executing and applies to personal property. *State v. Leeson*, 323 P.2d 692, 695, 697 (Ariz. 1958). When the State has taken an owner's property without bringing a formal condemnation proceeding, just compensation may be obtained in State court by bringing an inverse condemnation action against the State. *Calmat of Arizona v. State ex rel. Miller*, 859 P.2d 1323, 1325 (Ariz. 1993); *State v. Hollis*, 379 P.2d 750, 751 (Ariz. 1963).

**CERTIFICATE OF SERVICE**

I hereby certify that on July 8, 2020, the foregoing document was electronically transmitted to the Clerk's Office using the CM/ECF system for filing and distribution to counsel for all parties.

DATED this 8th day of July, 2020

/s/ Brunn W. Roysden III